## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| JULIE BAROODY, and WILLIAM B. FARMER,<br><br>      PLAINTIFFS,<br><br>v.<br><br>CITY OF QUINCY, FLORIDA, KEITH A. DOWDELL, in his official capacity as Commissioner and Mayor of the City of Quincy, RONTE R. HARRIS, in his official capacity as Commissioner and Mayor Pro-Tem of the City of Quincy, and ANGELA G. SAPP, in her official capacity as Commissioner of the City of Quincy,<br><br>      DEFENDANTS. | Case No. 4:20-cv-217 |

### CITY OF QUINCY'S MOTION IN LIMINE TO EXCLUDE NEW ARGUMENT AND EVIDENCE PRESENTED IN PLAINTIFFS' REPLY AND INCORPORTED MEMORANDUM OF LAW IN SUPPORT

At approximately 11:45 p.m. on the Tuesday night before a Thursday morning preliminary injunction hearing, Plaintiffs' filed a reply in support of their preliminary injunction together with over 100 pages of new evidence and provided the underlying data to the City's counsel at 3:36pm on the Wednesday before the Thursday morning hearing. This new evidence (and related argument) provides for

1

the first time two demonstration maps that purport to satisfy the first precondition under the *Gingles*[1] test, provides an entirely new analysis of political cohesion between White and Hispanic voters, and attempts to show that there is impermissible vote dilution under the totality of the circumstances. This is after the City had established in its response that *none* of Plaintiffs' 2,500 simulation maps or the two alternatives Plaintiffs settled on in their preliminary injunction motion could satisfy the first precondition, and Plaintiffs' points on political cohesion and the totality of circumstances fell short of the mark. *See* ECF 22-3 at 5-28; 55-59. But the time for drawing new maps and new analysis has passed. The City thus asks this Court to strike this new but late evidence for two reasons.

**_First_**, it is improper to present evidence and arguments for the first time in a reply. *J-B Weld Co. v. Gorilla Glue Co.*, 2018 U.S. Dist. LEXIS 231801 (N.D. Ga. 2018); *see also Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("arguments raised for the first time in a reply brief are not properly before a reviewing court."); *Stuckey v. Online Res. Corp.*, 2009 U.S. Dist. LEXIS 115625 (S.D. Oh. 2009) (noting that a reply is "intended only to allow the moving party the opportunity to rebut statements made in the non-moving parties response.").

It is also improper to present evidence and argument one day before a preliminary injunction hearing. *See J-B Weld Co.*, 2018 U.S. Dist. LEXIS 231801

---

[1] *Thornburg v. Gingles*, 478 U.S. 30, 50-51 (1986).

at *6 (concluding court properly did not consider new argument where the new argument was raised in reply brief one day before the preliminary injunction hearing).

And there is absolutely no reason to consider the new evidence and argument when both were available to the moving party when asking for a preliminary injunction. *See Intra-Lock Int'l v. Choukroun*, 2015 U.S. Dist LEXIS 34249 (S.D. Fla. 2015) (internal quotations omitted) ("Thus, a reply memorandum may not raise new arguments or evidence, particularly where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence.").

The material from Plaintiffs' expert, Dr. Jowei Chen, containing two entirely new demonstration maps, an entirely new analysis regarding political cohesion, and analysis about the totality of the circumstances is late. Too late.

**_Second_**, the City is prejudiced by these late materials. As a practical matter, the City and its expert has less than 24 hours to examine the new evidence and argument—hours that should be spent preparing their arguments relating to Plaintiffs case as properly presented in the Motion for Preliminary Injunction.[2]   Again,

---

[2] One option to cure this prejudice would typically be to allow City an opportunity to file a sur-reply brief addressing the new factual allegations. *See e.g.*, *WeRide Corp. v. Kun Huang*, 2019 U.S. Dist. LEXIS 22915 (N.D. Ca. 2019) ("Where new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond."); *see also,*

3

Plaintiffs offer no reason why they could not have presented this evidence in their original motion for preliminary injunction.  Plaintiffs expert, by his own admission, previously analyzed more than 2,500 proposed redistricting plans for the City of Quincy.  ECF 21-3 at ¶ 20.  There is simply no explanation as to why Plaintiffs could not have presented these new plans in their original motion.  Importantly, Plaintiffs waited until 3:36pm the day before the preliminary injunction hearing to share the data underlying their new analysis with the City's counsel.  This gives the City mere hours to review the new material with its experts while simultaneously preparing for a preliminary injunction hearing on what the City thought were Plaintiffs' arguments, until they suddenly were not.

To be sure, there is no reason why Plaintiffs could not have examined the City's elections and demographics when preparing their motion for preliminary injunction and studying their first 2,500 failed simulations.  There is no dispute this data was readily available to Plaintiffs, who claim an almost year-long effort by the City to dilute their voting strength, who should have known that showing political cohesion between Whites and Hispanics would be important, *see Concerned Citizens of Hardee Cty. v. Hardee Cty. Bd. of Commrs*, 906 F.2d 524, 526-27 (11th

---

*Atlanta Fiberglass USA, LLC v. KPI, Co.*, 911 F. Supp. 2d 1247, 1262 (N.D. Ga. 2012) (granting defendant's motion to file a sur-reply where plaintiff's reply included new facts and evidence).  However, Plaintiffs' 17-day delay in filing their motion for preliminary injunction coupled with the impending City of Quincy election makes this option impossible.

Cir. 1990), as would an assessment of the totality of the circumstances in the City. *See Gingles*, 478 U.S. at 79.

But again Plaintiffs waited.  They waited too long.

\*      \*      \*

For the reasons stated above, this Court should exclude the new evidence and argument presented in Plaintiffs' Reply.

Respectfully submitted by:

*/s/ Joseph A. Brown*
MOHAMMAD O. JAZIL (FBN 72556)
 mjazil@hgslaw.com
JOSEPH A. BROWN (FBN 25765)
 jbrown@hgslaw.com
KRISTEN C. DIOT  (FBN 118625)
 KDiot@hgslaw.com
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
Phone: (850) 222-7500
Fax: (850) 224-8551

Dated:  June 3, 2020                          ***Counsel for Defendants***

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

In accordance with Local Rule 7.1(B), the undersigned counsel has contacted Plaintiffs' counsel.  They oppose this motion.  The undersigned certifies that the forgoing complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that the foregoing complies with the word limit of Local Rule 7.1(F); this motion contains 922 words, excluding the case style, signature block, and certificates.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail to the following on this 3rd day of June, 2020:

Ryan J. Andrews
David A. Weisz
Andrews Law Firm
822 North Monroe St.
Tallahassee, FL 32303
T: (850)-681-6416/F: 681-6984
ryan@andreslaw.com
steve@andrewslaw.com
service@andrewslaw.com

*Counsel for Plaintiffs*

/s/ Joseph A. Brown
Attorney